850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry NORFLEET, Petitioner-Appellant,
v.
L.V. STEPHENSON; Attorney General of the State of North
Carolina, Respondents-Appellees.
 No. 88-6555.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 23, 1988.
Decided: June 27, 1988.
 
 Larry Norfleet, appellant pro se.
 Richard Norwood League (Office of the Attorney General of North Carolina), for appellees.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Larry Norfleet seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. For the reasons given below, we deny a certificate of probable cause to appeal and dismiss the appeal.
 
 
 2
 Norfleet pled guilty to second degree murder and received a life sentence for the killing of a seventeen year-old friend who had stolen $40 from him. On the day of the murder, Norfleet told a number of people that he intended to beat up or kill the boy. When he found the boy, Norfleet did beat him severely in view of a group of witnesses who did not interfere but who called for medical assistance after Norfleet left. The boy died shortly after he was taken to the hospital.
 
 
 3
 The statements made by Norfleet at his guilty plea hearing are conclusive evidence of his guilt unless he can show a compelling reason why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167 (4th Cir.1981).
 
 
 4
 In this petition, Norfleet claims that his guilty plea was involuntary because he was ineffectively counseled by his attorneys at the time of his plea. He alleges that his attorneys (1) failed to investigate the facts of his case and the law governing voluntary manslaughter as a possible alternative to first and second degree murder, and (2) wrongly advised him that if he rejected the plea agreement and went to trial he would be found guilty of first degree murder and sentenced to die.
 
 
 5
 Norfleet previously raised these same claims in a state habeas proceeding. After a hearing, the state court judge found as facts that Norfleet's lawyers had investigated the facts and the law in his case; had explained to him the possible verdicts including voluntary manslaughter, and the elements of each; and had explained the method by which his punishment would be determined if he were found guilty as charged of first degree murder. The judge further found that Norfleet's attorneys explained the plea agreement to him in detail, made clear that the decision to accept or reject it was Norfleet's and gave him time to make the decision. The state judge found as a fact that Norfleet had not been told that he would be found guilty and receive the death sentence if he went to trial. The factual findings of the state court must be presumed correct as they are supported by the record and Norfleet has not presented any other evidence to overcome the presumption. 28 U.S.C. Sec. 2254(d); Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 6
 Although state court findings of fact in a habeas proceeding are entitled to a presumption of correctness, attorney effectiveness is a mixed question of law and fact and subject to federal review. Strickland v. Washington, 466 U.S. 668, 698 (1984). The state court's conclusion that Norfleet's attorneys rendered effective assistance is not binding on this Court. Id.
 
 
 7
 Under Hill v. Lockhart, 474 U.S. 52, 58 (1985), the test for determining attorney effectiveness in the context of a guilty plea is the two-part test set out in Strickland. First, the defendant must show that the attorney's representation fell below an objective standard of reasonableness. 466 U.S. at 689-90. Second, the defendant must show a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. 466 U.S. at 694.
 
 
 8
 The voluntariness of Norfleet's plea thus depends on whether his attorneys' advice was within the range of competence demanded of attorneys in criminal cases. Taking as true the facts determined in the state court proceeding, the performance of Norfleet's attorneys was not unreasonable. The district court, therefore, correctly granted the state's motion to dismiss.
 
 
 9
 Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 DISMISSED.